**TEXAS EASTERN TRANSMISSION CORP., Petitioner,**

v.

**FEDERAL POWER COMMISSION, Respondent.**

**Nos. 74–3800, 75–1048.**

United States Court of Appeals, Fifth Circuit.

Feb. 24, 1975.

Platt W. Davis, III, Washington, D. C., J. Evans Attwell, Jack D. Head, Houston, Tex., for petitioner.

Leo E. Forquer, Gen. Counsel, George W. McHenry, Jr., Sol., William J. Grealis, Atty., Washington, D. C., for respondent.

William B. Cassin, Phillip D. Endom, Houston, Tex., W. DeVier Pierson, Peter J. Levin, Ross F. Hamachek, Washington, D. C., for United Gas Pipe Line Co.

Michael R. W. Green, Ronald D. Jones, New York City, for Aluminum Co. of America.

Edward J. Grenier, Jr., Richard P. Noland, Floyd I. Robinson, Washington, D. C., for General Motors.

Christopher T. Boland, John F. Harringtón, Washington, D. C., for Texas Gas Transmission Corp.

Clayton L. Orn, Houston, Tex., W. C. Nelson, New Orleans, La., for NOPSI.

Richard M. Merriman, Washington, D. C., Sherwood W. Wise, Jackson, Miss., for Miss. Power & Light.

Arnold D. Berkeley, David R. Straus, Harry E. Barsh, Washington, D. C., for State of La. et al.

Before BELL, CLARK and RONEY, Circuit Judges.

BY THE COURT:

It is ordered that the petitions for review are hereby dismissed and the records remanded to the Federal Power Commission for consideration in light of this Court's opinion in Louisiana v. FPC, 503 F.2d 844 (5th Cir. 1974).

The orders which are subject to these two petitions for review had their genesis in the Federal Power Commission's (FPC) Opinions Nos. 647 and 647A issued January 12, 1973 and May 30, 1973, respectively. Those opinions by FPC were an initial step in its attempt to establish a just and reasonable natural gas curtailment plan for United Gas Pipe Line Company. While some portions of Opinions Nos. 647 and 647A were final, the Opinions remanded United's curtailment program, as modified by the Opinions to be a five-tier plan, for further hearings by an Administrative Law Judge (ALJ). FPC ordered that while these hearings were being conducted, an interim three-tier curtailment plan was to be utilized by United.

In the course of the hearings on the permanent plan, the ALJ ruled that certain evidence regarding the advisability of that plan, which FPC had already ordered implemented in Opinions Nos. 647 and 647A, was admissible. Texas Eastern Transmission Corporation (TETCO) and others moved to strike all such evidence as outside the scope of the remanded proceedings. The ALJ denied that motion, but certified his ruling to the full FPC pursuant to the FPC's Rules of Practice and Procedure. 18 C.F.R. § 1.28 (1974). In a June 24, 1974 Order, FPC refused to consider the merits of the appeal, however, ruling instead that the introduction of the evidence had "not created a situation of 'extraordinary circumstances where prompt decision by the Commission is necessary to prevent detriment to the public interest.'" See 18 C.F.R. § 1.28(a) (1974). Thus, FPC in its discretion, refused to allow an interlocutory appeal of an evidentiary ruling of an ALJ. Cf. 28 U.S.C.A. § 1292(b).

TETCO duly applied for a rehearing of the Order by FPC, a condition precedent for review by a Court of Appeals, 15 U.S.C.A. § 717r, raising various substantive contentions. FPC denied the motion for rehearing on September 6, 1974 in an "Order on Clarification and Denying Rehearing." In that Order FPC stated, in part:

"Pending final decision upon completion of the remanded proceedings, United shall continue to implement the three-category plan on an interim basis in accordance with our previous orders. . . . ."

Order at p. 3. TETCO then sought a rehearing of the Order denying its rehearing, asserting that for the first time the three-tier plan, which in January 12, 1973, had been scheduled for 60 days, had been declared a long-term curtailment plan without any opportunity to challenge it as discriminatory. TETCO also petitioned this Court to review the September 6th Order, and that petition is Docket No. 74–3800 in this Court. FPC denied that rehearing request on November 6, 1974, and TETCO has also petitioned for review of that FPC "Order Upon Reconsideration." That case has been assigned Docket No. 75–1048 in this Court. Various interested parties have intervened in both cases.

Various motions have been filed seeking dismissal or to hold these proceedings in abeyance until FPC has acted on Opinions Nos. 647 and 647A as required by this Court in Louisiana v. FPC, 503 F.2d 844 (5th Cir. 1974). The various motions and responses thereto seem to view these petitions as involving one of two extremely different questions. Most parties view TETCO as attempting to appeal FPC's discretionary refusal to allow an interlocutory appeal of an evidentiary ruling. In fact that is the only *Order* of the FPC which TETCO could conceivably have standing to challenge. Other than that, TETCO seeks to have this Court correct evils which it says arise from *language* in the Order denying its rehearing. FPC refused to consider the substance of these same contentions by TETCO as attempts to attack earlier Orders collaterally after the time for proper direct attack had passed. We agree that TETCO is not entitled to review at this time.

First, the Order appealed from, a discretionary refusal to review an evidentiary ruling is simply not appealable as such. *See* Humble Oil & Refining Co. v. FPC, 236 F.2d 819 (5th Cir. 1956), cert. denied, 352 U.S. 967, 77 S.Ct. 354, 1 L.Ed.2d 321 (1957).

Second, the reasonableness of the three-tier plan, which is what TETCO seeks to have reviewed, was before this Court in Louisiana v. FPC, *supra*. We there ruled that the three-tier plan was reviewable either as a partial implementation of a final curtailment plan or as an integral part of a currently effective interim curtailment plan. Louisiana v. FPC, *supra*, 503 F.2d, at 857.

As the three-tier plan was reviewable when it went into effect, an attempt by TETCO to seize upon language in an FPC Order some year and a half later as a vehicle for review is clearly untimely. Whatever review of the three-category plan that was appropriate at this time was provided by Louisiana v. FPC.

Under either theory these petitions should be dismissed and the record remanded to FPC.

Dismissed and remanded.